928 F.2d 411
 37 Cont.Cas.Fed. (CCH) 76,072,
Unempl.Ins.Rep. CCH 76,072
Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
UNITED FOOD SERVICES, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5061.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1991.
Rehearing Denied March 11, 1991.
 
 19 ClCt 539.
 AFFIRMED.
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PLAGER, Circuit Judge.
 
 
 1
 Appellant United Food Services, Inc. (United Food) appeals from a decision of the United States Claims Court, Judge Rader presiding, granting summary judgment to appellee, the United States, after summary judgment motions were filed by both parties. United Food had filed suit for costs of alleged extracontractual services arising from a contract for dining facility attendant services. We affirm.
 
 OPINION
 
 2
 As identified by the Claims Court, there are four claims present, regarding resupply of beverages, cleaning of mermite cans, inspection practices by the United States, and the extended use of an additional serving line. The Claims Court held that, in viewing the contract as a whole, United Food had the duty to resupply beverages and to clean the mermite cans, and that the government acted reasonably and within the contract terms in conducting inspections and requiring completion of cleaning within the designated time frames. The Claims Court also held that extension of the extra serving line was not promulgated pursuant to known procedures required to officially amend the contract, and therefore did not entitle United Food to recover extra compensation. Summary judgment was granted in favor of the United States on all four claims.
 
 
 3
 Summary judgment is properly granted when, upon review of the evidence in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56(c); Armco, Inc. v. Cyclops Corp., 791 F.2d 147, 149, 229 USPQ 721, 722-23 (Fed.Cir.1986). Where, as here, both parties have moved for summary judgment, each party's motion must be evaluated on its own merits, taking care with each to draw all reasonable inferences against the party whose motion is being considered. Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1391 (Fed.Cir.1987). We determine for ourselves whether the above standards have been met by the movant; we are not bound by the determinations of the Claims Court. See Armco, 791 F.2d at 149, 229 USPQ at 723.
 
 
 4
 Reading the contract as a whole, we are led to the same conclusions, on the same bases, as the Claims Court. The inspection checklist, which was incorporated into the contract, specifically required United Food to resupply beverages. Several parts of the contract, read in the context of the contract as a whole and with ordinary meaning given to the phrases therein, support the Claims Court's conclusion that cleaning of the mermite cans was within the scope of the explicitly required cleaning of field feeding equipment. The contract clearly sets forth the standards used by the United States in setting its inspection practices and requirements. And, the contract's changes clause, even in light of the parties' prior "course of dealing" which involved the issuance of Disposition Forms, clearly did not entitle United Food to rely on an order by the mess sergeant which purportedly extended use of the additional serving line. As the Claims Court found and held, there are no genuine issues of material fact, and the United States is entitled to judgment as a matter of law on each of these claims.